UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELANIE HARRIS,<br><br>                             Plaintiff,<br><br>           -against-<br><br>LAURA KIM; FERNANDO GARCIA;<br>ALEXANDER BOLEN,<br><br>                             Defendants. | 20-CV-9235 (LLS)<br><br>ORDER TO AMEND |

LOUIS L. STANTON, United States District Judge:

      Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 ("NYSHRL"), alleging that her employer discriminated against her based on her race, color, and sex. By order dated November 9, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, a former employee of Oscar de la Renta, brings her claims using the Court's Employment Discrimination Complaint form. She checks the boxes on the form to assert claims under Title VII that her employer discriminated against her on the basis of her race, color, and sex. She also checks boxes to bring claims under the New York State and New York City Human Rights Laws.

On the section of the form asking her to indicate the adverse employment actions that Defendants took against her, Plaintiff checks the boxes stating that they did not hire her; terminated her employment; provided her with terms and conditions of employment different

2

from those of similar employees; retaliated against her; and harassed her or created a hostile work environment. (ECF No. 2, at 5.) Plaintiff sues individual employees Laura Kim, Alexander Bolan, and Fernando Garcia, but she does not name her former employer as a defendant.

Plaintiff does not fill out the "facts" section of the complaint form, but rather attaches 26 single-spaced typed pages in the form of two letters. The first letter, addressed, "Dear Sir/Madam," and dated October 27, 2020, begins,

> Human Resource was biased against me. Glenn Nichtenhauser already decided his decision before he even read my rebuttal saying that how can they be racist against me when they gave me a job. I told him they weren't the one that gave me the job, the person that gave me the job and was not there anymore.

(*Id.* at 12.)

Plaintiff further explains,

> I have never been disruptive in my entire life to anyone no matter what. If I was so disruptive why wasn't I fired. Why was Fernando himself, Genevieve the woman that was [h]arassing and descripting against me and Laura calling me and leaving messages on my phone saying for me to come to work and when I didn't respond to them Laura called Rafael in Paris to ask me to come back. Does that sound like someone who is disruptive? . . . So if they think that I am going away so easily, think again. Since they are ok with running my life and costing me not to get jobs by telling other managers lies about me. I will take my fight to social media.

(*Id.*)

When Plaintiff does make allegations implicating race or racial discrimination, her allegations often lack supporting details and are confusing. For example, Plaintiff describes an incident where Michele Obama declined to wear a dress that another employee had made for her. Plaintiff's "[m]anager [went] on to say how Michelle Obama has a nasty shape." (*Id.* at 13.) Plaintiff writes,

> If that would've been a black person they would have been fired on the spot. Look at me that does no wrong to them and look how they treat me. When they all went to bed I am up at night slaving on their patterns, while the People they pay well give their insurance to sit and do nothing to help the complaint. How is it an equal

3

> opportunity when they have around 2500 people working at the company and they only have 2% black people? Over the 65 years they have been in business how many black people they hire. Show me where the equal opportunity when any other race works for them, they give 401k insurance, dental, etc and I get nothing. I didn't even get paid for all the work I did for their company, time when I was so sick I would still go to work because I know that they are depending on me because I was the only [one] there who can drape the patterns and I am unable to go to the doctor because I have no insurance. . . . I am tired of being overlooked, underestimated, abuse[d] and discriminated by designers because of the color of my skin."

(*Id.* at 13-14.)

The first letter concludes,

> I am one of the most hard working people you will ever meet and I have the talent, experience and the skills to back it up, but at the end of the day I am still black. Laura Kim, Fernando Garcia and Rafael left the company and [Alex] took them back, but me that did no wrong and was making the patterns by myself saving the company thousands of dollars was treated worse than an animal. The only things I did wrong was giving too much caring too much and loving too much.

(*Id.* at 14-15.)

The second letter that Plaintiff attaches to the complaint is labeled as a "rebuttal" addressed to "Mr. Glen Nichtehauser." (*Id.* at 16.) Plaintiff seems to suggest that she may have been classified as an independent contractor rather than an employee. For example, she writes,

> Why didn't I get the full time contract to work as a[n] employee and not an independent contractor as you stated in your letter, because I wasn't good enough because I wasn't Italian or French what was it, isn't it true that after I quit in 2015 you hire[d] 4 patternmakers to replace me and 3 managers and they all not working there now. . . . Why wasn't I offered the full time contract with full benefit like the others, they only had 1 Patternmaker when I started. Why did it take almost 1 year before they offer me the contract and then after they give me the contract they said I have to work for 3 Months before I can get insurance.

(*Id.* at 17.)

Like the first letter, the second letter includes detailed accounts of daily happenings at the workplace. For example,

4

> [Raf] would screams everyday 7 hrs of screaming. . . . Sometimes he screams at me you need to make the pattern faster we don't have enough time. So I would ignore him but when he screams at Genevieve she would scream back at him and that would make him real mad so he would scream and slam on her table telling you have no skills no talent how did you get a job here after the show your out of here and then he started screaming at her in French and whatever he says in French she would repeat it in English so everyone can know what he was telling her and that would make him scream louder.

(*Id.* at 19.)

And,

> When I was there the last time the patternmaker who sits at the first table was complaining that she was so tired and she was the one that the sewer told me that she was no good. But I don't know if it's true because I never check her work, maybe she is not making the pattern good because they are asking her to work too much hrs. And the patternmaker at the last table she came in at 9am and leaves at 7pm and she sits at her table all day and do nothing while I was there and she is a trouble maker she has been Harassing Angela from Angela start working there. Angela leaves a good job to work there and she has to quit because she couldn't take the harassment more. When someone leaves there [sic] job to stay home and don't have another job to go to that's when you know its really bad.

(*Id.* at 36.)

When Plaintiff does include allegations of racial discrimination, her allegations lack supporting details and are confusing. For example, Plaintiff asserts,

> Alex is a racist and he only hire European people, he would go to European and bring people back to the US and give them a job, apartment, work permit, etc, while interns working there for free some of the interns would work there for 1 year 2 years waiting for a position to come available. . . . Raf was the only person there that hires every race and he treats everyone the same.

(*Id.* at 28.)

Plaintiff seeks order directing her employer to hire her and money damages.

## DISCUSSION

**A.     Federal Rule of Civil Procedure 8**

As an initial matter, the complaint does not comply with Rule 8's requirement that it include a short and plain statement that Plaintiff is entitled to relief. The complaint itself contains

legal conclusions with little to no supporting factual allegations. For example, Plaintiff checks the box asserting that her employer discriminated against her based on her race, and in the space on the form asking her to explain, she writes only, "They don't like [to] hire black people."[1] (ECF No. 2, at 3.) And the lengthy letters she attaches to the complaint are filled with seemingly extraneous information that is presented without context. If Plaintiff submits an amended complaint, the Court strongly encourages her to streamline her thoughts and to limit the amended complaint to twenty pages or less.[2]

### B.     Proper defendants

Plaintiff's complaint does not name all of the proper defendants for her claims. Title VII provides for liability against employers – not individuals. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995); *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012) ("Title VII does not impose liability on individuals."). An individual defendant may be held liable under the NYSHRL, however, if he or she "actually participates in the conduct giving rise to the discrimination claim." *Tomka*, 66 F.3d at 1317; *Feingold v. New York*, 366 F.3d 138, 158 n.19 (2d Cir. 2004). Plaintiff has named only individual defendants. If Plaintiff submits an amended complaint asserting Title VII claims, she must also name her former employer as a defendant.

### C.     Discrimination claims

Title VII provides that "[i]t shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any

---

[1] In the space for Plaintiff to explaining her assertions of sex discrimination, she writes, "They only abuse the women." (*Id.*)

[2] Rule 10(b) of the Federal Rules of Civil Procedure requires a party to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." While courts will generally overlook "harmless violations of Rule 10(b)," the Rule serves as "a guideline to ensure that complaints are 'simple, concise, and direct.'" *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005) (quoting Fed. R. Civ. P. 8(d)(1)).

individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). These antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against [her], and (2) [her] race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

First, it is unclear what the adverse action is that forms the basis of Plaintiff's claims. At various points in the complaint, she appears to suggest that her employer did not hire her, denied her a specific contract, did not rehire her, paid her less money and provided fewer benefits that it gave to other employees, and created a hostile work environment. Other allegations appear to suggest that Plaintiff quit the company. In any amended complaint, Plaintiff should concisely state the specific adverse actions that her employer took that she asserts violated her rights.

Second, Plaintiff does not allege facts suggesting that any adverse action was taken because of her race, color, or sex. The Court can discern no allegations in the complaint that implicate her sex. And while Plaintiff makes conclusory assertions of racial discrimination, she fails to allege any facts suggesting that she personally experienced an adverse employment action that was motivated by her race. The complaint includes no facts suggesting that Plaintiff's employer discriminated against her directly, and her conclusory assertions are insufficient to "indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega*, 801 F.3d at 87. Because Plaintiff may be able to allege facts suggesting that her employer discriminated against her based on her race, the Court grants her leave to submit an amended complaint that complies with Rule 8 and states a valid Title VII claim.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief.

Should Plaintiff choose to submit an amended complaint, the Court strongly encourages her to seek assistance from someone who can help her organize and streamline her thoughts. If Plaintiff needs legal advice related to this matter, she may contact the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. A copy of a flyer with details of the clinic is attached to this order. Plaintiff is strongly encouraged to limit her amended complaint to 20 pages.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to transmit a copy of this order to Plaintiff.[3] Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-9235 (LLS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails

---

[3] Plaintiff has consented to receive electronic service of Court documents. (ECF No. 3.)

to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   December 7, 2020
        New York, New York

                                                     *Louis L. Stanton*
                                                   Louis L. Stanton
                                                       U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

      -against-

**AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant.  Addresses should not be included here.)*

Jury Trial:  ☐ Yes  ☐ No
*(check one)*

___ Civ. _____ ( ___ )

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
*NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____  Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
*NOTE:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

_____  Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
*NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____  New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

_____  New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

I.   **Parties in this complaint:**

A.   List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name  _____

             Street Address  _____

             County, City  _____

             State & Zip Code  _____

             Telephone Number  _____

B.   List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant    Name  _____

             Street Address  _____

             County, City  _____

             State & Zip Code  _____

             Telephone Number  _____

C.   The address at which I sought employment or was employed by the defendant(s) is:

             Employer  _____

             Street Address  _____

             County, City  _____

             State & Zip Code  _____

             Telephone Number  _____

II.   **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

   _____      Failure to hire me.

   _____      Termination of my employment.

   _____      Failure to promote me.

   _____      Failure to accommodate my disability.

   _____      Unequal terms and conditions of my employment.

   _____      Retaliation.

|  |  | Other acts *(specify)*: _____. |
|---|---|---|
|  | *Note:* | *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.* |

B. It is my best recollection that the alleged discriminatory acts occurred on: _____.
*Date(s)*

C. I believe that defendant(s) *(check one)*:

_____   is still committing these acts against me.

_____   is not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

☐   race   _____   ☐   color   _____

☐   gender/sex   _____   ☐   religion_____

☐   national origin   _____

☐   age.   My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

☐   disability or perceived disability, _____ *(specify)*

E. The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____
_____

|  | *Note:* | *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.* |
|---|---|---|

III.   **Exhaustion of Federal Administrative Remedies**:

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B. The Equal Employment Opportunity Commission *(check one)*:

|          |                                                                                           |
|----------|-------------------------------------------------------------------------------------------|
| _____ | has not issued a Notice of Right to Sue letter.                                           |
| _____ | issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.      |

*Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C. Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____   60 days or more have elapsed.

_____   less than 60 days have elapsed.

## IV.   Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____
_____
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                              Signature of Plaintiff  _____

                              Address  _____

                                        _____

                                        _____

                                        _____

                              Telephone Number  _____

                            Fax Number *(if you have one)* _____

# Notice For Pro Se Litigants



As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call **212-659-6190** and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.

