UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELANIE HARRIS,

                Plaintiff,

    -against-

OSCAR DE LA RENTA, LLC,

                Defendant.

20-CV-9235 (JGK)

ORDER OF SERVICE

JOHN G. KOELTL, United States District Judge:

    Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964, and the New York State and City Human Rights Laws, alleging that her former employer discriminated against her based on her race. By order dated November 9, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").[1]

## DISCUSSION

    Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and second amended complaint until the Court reviewed the second amended

---

[1] By order dated December 7, 2020, Judge Louis L. Stanton directed Plaintiff to file an amended complaint. (ECF No. 5.) On January 29, 2021, Plaintiff filed an amended complaint, and on February 8, 2021, Plaintiff filed a second amended complaint. (ECF No. 7.) The second amended complaint is the operative pleading.

complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the second amended complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Oscar de la Renta, LLC through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff. Plaintiff has consented to receive electronic service of Court documents. (ECF No. 3.)

The Clerk of Court is further instructed to issue a summons, complete the USM-285 forms with the address for Oscar de la Renta, LLC, and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated:   February 15, 2021
        New York, New York

                                            /s/ John G. Koeltl
                                       JOHN G. KOELTL
                                  United States District Judge

## DEFENDANT AND SERVICE ADDRESS

Oscar de la Renta, LLC
7523 113th Street 2G
New York, NY 10036-8002