UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELANIE HARRIS,

                      Plaintiff,

    - against -

OSCAR DE LA RENTA, LLC, ET AL.,

                      Defendants.

20-cv-9235 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

The pro se plaintiff, Melanie Harris, brought this action against her former employer, Oscar De La Renta, LLC ("ODLR"), and Fernando Garcia, a creative director at ODLR, alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. ("NYCHRL").

On February 2, 2022, this Court dismissed the plaintiff's claims under the NYSHRL and NYCHRL alleging discrimination concerning events that occurred from 2014 to 2015 and in 2019, because the plaintiff had elected her remedies by bringing those claims before the New York State Division of Human Rights ("NYSDHR"). This Court also dismissed without prejudice the plaintiff's Title VII claims of discrimination relating to events occurring from 2014 to 2015 because they were barred by

the statute of limitations, but this Court denied the defendants' motion to dismiss the plaintiff's Title VII claims for failure to hire relating to events in 2019. Harris v. Oscar de la Renta, LLC, No. 20-cv-9235, 2022 WL 540659, at *4-5 (S.D.N.Y. Feb. 22, 2022). This Court also granted the plaintiff leave to replead claims relating to an alleged failure to hire in 2018. Id. at *6.

The plaintiff has now filed a third amended complaint (the "Complaint"), ECF No. 36, restating her 2014-2015 discrimination claim and alleging a failure to hire claim arising from events in 2018. The defendants now move to dismiss the plaintiff's third amended complaint. For the following reasons, the motion is **granted in part** and **denied in part**.

I.

Unless otherwise noted, the following facts are taken from the plaintiff's Third Amended Complaint, ECF No. 36, and are accepted as true for purposes of this motion to dismiss.[1] Because the plaintiff is pro se, the Court also considers the factual allegations pleaded in the plaintiff's opposition papers. Walker v. Schult, 717 F.3d 119, 122 n.1 (2d Cir. 2013).

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

The Court assumes familiarity with the factual allegations relating to the plaintiff's claims of discrimination from 2014 to 2015 and in 2019, which are set out in detail in this Court's prior opinion. See Harris, 2022 WL 540659, at *1-2.

The plaintiff has now pleaded additional allegations relating to events occurring in 2018. In November 2018, the plaintiff learned that ODLR had a new manager and was looking to hire five full-time pattern markers. Compl. ¶ 29. The plaintiff alleges that she applied for a patternmaker position but was not hired "despite being more qualified than all five patternmakers combined." Id. ¶¶ 30, 32.

The plaintiff alleges that after she received notice that ODLR was hiring five new patternmakers, she "applied directly to Fernando Garcia." Pl.'s Opp., ECF No. 48, at 8. At this point, Garcia told the plaintiff that he was not responsible for hiring any patternmakers, and that she should instead apply to "Loc Phanz or Yvonne," who were the hiring managers for the sample room. Id. The plaintiff called Yvonne to apply, but Yvonne responded that she had quit ODLR. Id. The plaintiff then went "directly to [the ODLR] corporate office at 42 Street to apply directly to Loc." Id. At ODLR's corporate office, the plaintiff alleges that she applied to multiple people, including someone named Louis, as well as Loc, by leaving her phone number with

those individuals in lieu of a resume. The plaintiff learned later that Loc was fired by ODLR. Id. at 9.

After learning of Loc's termination, the plaintiff applied again for a patternmaker position in November 2018 by sending a letter to Laura Kim. Id. at 9. Later in November, the plaintiff was told that all the positions were filled. Compl. ¶ 31. However, ODLR had allegedly hired only three patternmakers by the end of November 2018, and completed hiring the remaining two in December 2018. Id.

The plaintiff then met Angela Jung. The plaintiff alleges that she forwarded Kim's contact information to Jung and mentioned to Jung that she had applied for a patternmaker position at ODLR but had not heard back. The plaintiff alleges that, after this, Jung applied for a position at ODLR, ostensibly by contacting Kim, and was hired within two weeks. Pl.'s Opp. at 10. In December 2018, ODLR hired Amy Tieferman and Jung, "neither of whom are Black," Id. at 6, completing their patternmaker hiring.

## II.

As an initial matter, the Court has an independent duty to assure that a basis for its jurisdiction over the plaintiff's nonfederal claims exists. FW/PBS, Inc v. City of Dallas, 493 U.S. 215, 231 (1990).

4

The Court must dismiss a claim for lack of subject matter jurisdiction when it "lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In considering whether the Court's jurisdiction is proper, the Court "may refer to evidence outside the pleadings." Id. "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Id. While the Court must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," "jurisdictional requirements are not relaxed based on a litigant's pro se status." Saudagar v. Walgreens Co., No. 18-cv-437, 2019 WL 498349, at *6 (S.D.N.Y. Feb. 8, 2019).

### III.

The plaintiff has repleaded her claims, pursuant to Title VII, the NYSHRL, and the NYCHRL, relating to alleged discrimination occurring from 2014 to 2015. The Court has subject matter jurisdiction over the plaintiff's Title VII claims because the claims arise under federal law. See Fort Bend Cnty. v. Davis, 139 S. Ct. 1843, 1850 (2019).

However, the Court still lacks subject matter jurisdiction over the plaintiff's NYSHRL and NYCHRL claims relating to alleged discrimination from 2014 to 2015. Under the election of remedies doctrine, a complainant seeking to bring claims

pursuant to the NYSHRL or the NYCHRL has two options: (1) the plaintiff may seek administrative review through the NYSDHR, or (2) the plaintiff may seek judicial review in state or federal court. York v. Ass'n of Bar of City of New York, 286 F.3d 122, 127 (2d Cir. 2002). These options are mutually exclusive. Id. Accordingly, once a complainant elects the administrative forum by filing a complaint with the NYSDHR, claims for a violation of the NYSHRL or the NYCHRL "may not be brought again as a plenary action in another court." Id. A complainant who elects the administrative forum may "appeal only to the Supreme Court of [the] State of New York." Id.

As noted in the Court's previous Opinion, the plaintiff filed a complaint with the NYSDHR charging discrimination from 2014 to 2015. Because the plaintiff has done so, the election of remedies doctrine denies federal courts the jurisdiction to hear her state law claims. See Harris, 2022 WL 540659, at *3. Furthermore, the plaintiff in her third amended complaint complains of the same conduct over the course of 2014 to 2015 that was the subject of the prior Opinion, and that was dismissed in that Opinion on the same grounds. Accordingly, the election of remedies doctrine dictates dismissal of the

plaintiff's NYSHRL and NYCHRL claims relating to events in 2014 to 2015.[2]

**IV.**

The defendants have moved to dismiss the plaintiff's remaining claims pursuant to Federal Rule of Civil Procedure 12(b)(6). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the

---

[2] The election of remedies doctrine also bars the plaintiff's claims against the individual defendant, Garcia, relating to conduct over the course of 2014 to 2015. Although Garcia was not named as a Respondent in the plaintiff's NYSDHR complaint, the election of remedies doctrine bars reassertion of claims relating to the same conduct already considered in the administrative proceeding. The jurisdictional bar imposed by the election of remedies doctrine is expansive, and a plaintiff cannot "evade the derivative bar by suing a defendant who was not named in [the plaintiff's] NYSDHR . . . proceeding." Chakraborty v. Soto, No. 16-cv-9128, 2017 WL 5157616, at *8 (S.D.N.Y. Nov. 6, 2017) (collecting cases). "Put simply, when a plaintiff files a complaint with the . . . NYSDHR, no [NYCHRL or NYSHRL] claims arising from the same facts can be adjudicated in federal court." Id.

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Because the plaintiff proceeds pro se, the Court construes her pleadings liberally and interprets them to raise the strongest arguments they suggest. Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

**A.**

The Title VII claims arising from alleged discrimination from 2014 to 2015 are time-barred. Under Title VII, the plaintiff must file a charge with the Equal Employment Opportunity Commission (EEOC) within 300 days of the alleged discriminatory action before bringing a claim in federal court.[3] 42 U.S.C. § 2000e-5(e); Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999). "This statutory requirement is analogous to a statute of limitations." Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996). In this case,

---

[3] Title VII requires "a claimant to file a charge of discrimination with the EEOC within 180 days of the unlawful employment action or, if the claimant has already filed the charge with a state or local equal employment agency, within 300 days of the alleged discriminatory action." Van Zant, 80 F.3d at 712. In New York, a complaint filed with the NYSDHR is considered to be cross-filed with the EEOC, and therefore "the date of filing with the NYSDHR is the date of filing with the EEOC for purposes of the statute of limitations." Morales v. City of New York Dep't of Juvenile Justice, No. 10-cv-829, 2012 WL 180879, at *4 (S.D.N.Y. Jan. 23, 2012).

the plaintiff has alleged that she filed a charge with the NYSDHR, which was considered cross-filed with the EEOC, on August 21, 2019, long past the deadline by which she was required to file a charge with the EEOC.

The continuing violation doctrine creates an exception for the limitations period that allows courts to consider "claims that the discriminatory acts were part of a continuing policy and practice of prohibited discrimination, where one act of discrimination in furtherance of the ongoing policy occurred within the limitations period." Bowen-Hooks v. City of New York, 13 F. Supp. 3d 179, 204 (E.D.N.Y. 2014).

In her third amended complaint, the plaintiff has failed to produce any new facts suggesting that there had been a continuing violation between 2014 and her latest claims in 2018 and 2019. The plaintiff has alleged discrete adverse employment actions from 2014 to 2015 and, again, in 2018 and 2019. However, the continuing violation doctrine does not apply to discrete discriminatory acts that are otherwise time-barred. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110-11 (2002). Accordingly, the plaintiff's Title VII claims relating to events in 2014 to 2015 are time-barred and are **dismissed with prejudice.**

**B.**

The plaintiff, in her amended complaint, has now alleged that ODLR and Garcia failed to hire her in 2018 in violation of Title VII, the NYSHRL, and the NYCHRL.[4] As an initial matter, the Title VII claim against Garcia necessarily fails because Title VII does not permit individual liability. See Patterson v. County of Oneida, 375 F.3d 206, 221 (2d Cir. 2004). Accordingly, the plaintiff's Title VII claims against Garcia are **dismissed**.

To plead a failure to hire claim under Title VII and the NYSHRL, the plaintiff must demonstrate that: (1) the plaintiff is a member of a protected class; (2) the plaintiff applied and was qualified for a job for which the employer was seeking applicants; (3) the plaintiff was rejected despite being qualified; and (4) after this rejection, the position remained open and the employer continued to seek applicants with the plaintiff's qualifications. See Aulicino v. N.Y.C. Dep't of Homeless Servs., 580 F.3d 73, 80 (2d Cir. 2009).[5] "To defeat a

---

[4] The plaintiff has not alleged that she has exhausted her administrative remedies with respect to her 2018 claim, as required by Title VII's charge-filing requirement. However, Title VII's charge-filing requirement is nonjurisdictional. Fort Bend Cnty., 139 S. Ct. at 1846. Thus, such a defense must be timely raised by the defendants, and defendants who do not timely raise a charge-filing issue are deemed to have waived such a defense. See id. at 1849. The defendants have not raised this defense on this motion.

[5] The NYCHRL allows for a more liberal pleading standard, requiring the plaintiff only to plead facts sufficient to "show that [the plaintiff's] employer treated [the plaintiff] less well, at least in part for a discriminatory reason." Mihalik v.

10

motion to dismiss . . . in a Title VII discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against [the plaintiff], and (2) [the plaintiff's] race, color, religion, sex, or national origin was a motivating factor in the employment decision." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015). At this "initial stage of a litigation, the plaintiff's burden is minimal - [the plaintiff] need only plausibly allege facts that provide at least minimal support for the proposition that the employer was motivated by discriminatory intent." Id. at 86-87.[6]

In this case, the plaintiff has pleaded sufficient factual allegations to survive a motion to dismiss. The plaintiff, a Black woman, is a member of a protected class. See, e.g., Norville v. Staten Island Univ. Hosp., 196 F.3d 89, 95 (2d Cir. 1999). The plaintiff alleges that ODLR was seeking to hire five patternmakers in 2018 and that she applied for those positions multiple times, to multiple different people. The plaintiff was

---

Credit Agricole Cheuvreux N.A., Inc., 715 F.3d 102, 110 n.8 (2d Cir. 2013).

[6] Vega stands for the further proposition that, on a motion to dismiss, plaintiffs are "not required to plead a prima facie case under McDonnell Douglas," but instead "need only give plausible support to a minimal inference of discriminatory motivation." Vega, 801 F.3d at 84. However, in this case, the plaintiff's allegations sufficiently plead a prima facie case under McDonnell Douglas, and therefore also satisfy Vega's relaxed pleading standards.

rejected for those positions, despite being qualified as demonstrated by her previous employment with ODLR as a patternmaker from 2014 to 2015 and later in 2019. Finally, the plaintiff was notified of her rejection in November 2018, being told that all patternmaker positions were filled by that point. However, the plaintiff alleges that ODLR did not actually complete their patternmaker hiring until December 2018, implying that those positions remained open and ODLR continued to seek applicants with identical qualifications. See Stokes v. Perry, No. 94-cv-573, 1997 WL 782131, at *4 (S.D.N.Y. Dec. 19, 1997) ("[I]t is the fact that a position remained unfilled even though the employer had considered a qualified candidate that has the appearance of invidiousness.").

The defendants claim that the plaintiff did not apply properly for a position in 2018 because she applied directly to Kim. Kim was not ODLR's hiring manager, and the defendants claim that Kim was not responsible for ODLR's hiring practices.[7] However, the plaintiff has also alleged that she applied directly to Garcia and, after being told that Garcia was also not a hiring manager, applied to Loc Phanz and Yvonne, who were hiring managers.

---

[7] It is not clear that Kim played no role in ODLR's hiring. Jung is alleged to have been hired shortly after applying directly to Kim, after Jung received Kim's contact information from the plaintiff.

12

The defendants also argue that the plaintiff has not sufficiently alleged that her failure to be hired raised a minimal inference of discrimination. The defendants argue that the plaintiff has not alleged that the other applicants were not, or were less, qualified for the position, and that in any event the positions were occupied by "a diverse cross-section of employees." Defs.' Memo., ECF No. 47, at 5. However, the plaintiff has alleged sufficient facts to survive a motion to dismiss by alleging that she was a member of a protected class, that she applied for the position, that she was qualified, and was rejected, and that the position remained open after her rejection. See, e.g., Tex. Dep't of Cmty. Affs. v. Burdine, 450 U.S. 248, 253 & n.6 (1981). Accordingly, the defendants' motion to dismiss the plaintiff's 2018 failure to hire claim is **denied.**[8]

## CONCLUSION

The Court has considered all the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the defendant's motion to dismiss is **granted in part** and **denied in**

---

[8] The plaintiff's NYSHRL and NYCHRL claims survive as well, because the NYSHRL at least tracks Title VII's pleading standards, see Europe v. Equinox Holdings, Inc., No. 20-cv-7787, 2022 WL 4124763, at *7 n.10 (S.D.N.Y. Sep. 29, 2022), and because the NYCHRL provides for more liberal pleading standards, see Mihalik, 715 F.3d at 110 n.8.

13

**part.** The Clerk is directed to close all pending motions. The Clerk is also directed to mail a copy of this Memorandum Opinion and Order to the pro se plaintiff and note service on the docket.

**SO ORDERED.**

Dated:   New York, New York
         November 15, 2022

                                        _____
                                              John G. Koeltl
                                        United States District Judge