UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELANIE HARRIS,<br><br>                           Plaintiff,<br><br>-against-<br><br>OSCAR DE LA RENTA, LLC and<br>FERNANDO GARCIA,<br><br>                         Defendants. | Case No. 1:20 –CV– 09235 (JGK)<br><br>**STIPULATION AND [PROPOSED]**<br>**CONFIDENTIALITY ORDER** |

      Plaintiff Melanie Harris, in proper person, and Defendants Oscar de la Renta, LLC and Fernando Garcia, through their undersigned counsel (collectively the "Parties") HEREBY STIPULATE to the following and request that this Stipulation and Confidentiality Order (the "Confidentiality Order") be entered as an Order of the Court:

      1.      Any person or entity subject to this Confidentiality Order—including, without limitation, the Parties, their representatives, agents, experts, consultants, all third parties providing discovery in the above-captioned action (the "Action"), and all other interested persons with actual or constructive notice of this Confidentiality Order—shall adhere to the terms of this Confidentiality Order.

      2.      The terms and conditions of this Confidentiality Order shall be applicable to and shall govern all information, regardless of medium or format, and all documents and all tangible things produced in response to any discovery request or subpoena in this Action, including without limitation all responses to requests for production, documents and other tangible things produced to a Party, answers to interrogatories, responses to requests for admissions, deposition testimony, and all other discovery taken pursuant to the Federal Rules of Civil Procedure

("Discovery Material" or "Discovery Materials"). The terms "Discovery Material" and "Discovery Materials" shall also include all such information, documents, and things produced in connection with this Action voluntarily, or pursuant to a rule, order, or other requirement.

3. When used in this Confidentiality Order, the word "document" shall have the meaning set forth in Local Civil Rule 26.3(c) of the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), and includes copies of material encompassed by the definition of "document."

4. "Confidential Information" as used herein means any type or classification of information in any of the Discovery Materials that is designated as "Confidential" or "Attorneys' Eyes Only" in accordance with this Confidentiality Order. When used in this Confidentiality Order, a Party that designates information as Confidential Information in connection with this Action is a "Designating Party."

5. Any Party to this Action may designate as "Confidential" any Discovery Materials that it reasonably believes contain non-public business, commercial, financial, proprietary, competitive, or personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the Designating Party, adversely affect or cause injury to a Party's business or business relationships with others or that contain other information for which a good faith claim of the need for protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law or any other agreements. Such Discovery Materials shall be marked as "CONFIDENTIAL" (hereinafter "Confidential").

6. Any Party to this Action may designate as "Attorneys' Eyes Only" any Discovery Materials that counsel for the Designating Party reasonably and in good faith believes contain or reflect highly confidential information that comprises highly sensitive technical, business,

2

commercial, financial, proprietary, or research information that has not been made public and could cause a Party to suffer substantial competitive or other harm if publicly known or known by the non-designating Party, or agents or employees of the Parties who would have access to the Discovery Materials under this Confidentiality Order. Such Discovery Materials shall be marked as "ATTORNEYS' EYES ONLY" (hereinafter "Attorneys' Eyes Only").

7. Confidential Information shall not be used or disclosed for any purpose other than for the prosecution, defense, appeal, or settlement of this Action. Any use of information obtained from Discovery Materials designated as Confidential or Attorneys' Eyes Only for any purpose other than the prosecution, defense, appeal, or settlement of this Action, including in any communications with the press or for any business purpose, is expressly prohibited and would constitute a material breach of this Confidentiality Order.

8. The Designating Party shall not designate as Confidential Information documents or things that are known by the Designating Party to be available to members of the general public.

9. Production of any Discovery Materials without a designation of Confidential or Attorneys' Eyes Only shall not be deemed a waiver of any Party's claim of confidentiality as to such matter. The initial failure to designate Discovery Materials in accordance with this Confidentiality Order shall not preclude any Party, at a later date, from designating such materials Confidential or Attorneys' Eyes Only. If any Party to this Action realizes that some portion(s) of Discovery Materials that were previously produced without limitation should be designated as Confidential or Attorneys' Eyes Only, the Party may also designate it by apprising all Parties in writing, by written notice to counsel of record, and such designated portion(s) of the Discovery Materials will thereafter be treated as Confidential Information under the terms of this

Confidentiality Order as if they had been initially designated as Confidential or Attorneys' Eyes Only. Upon receipt of such notice, all Parties to this Action shall restrict the disclosure or use of such material to those persons qualified pursuant to this Confidentiality Order, and, if such material has previously been disclosed to persons not qualified pursuant to this Confidentiality Order, the Party that disclosed the material shall take reasonable steps to obtain all such previously disclosed Confidential Discovery Materials and advise such persons of the designation of confidentiality. The Designating Party shall supply, at its own cost, replacement pages containing the new designation of confidentiality.

10. The inadvertent production or disclosure of any document or communication that is subject to an attorney-client, attorney work product, or other privilege will not be deemed a waiver or forfeiture of such privilege, provided that the Party entitled to assert such privilege notifies the Parties to whom such inadvertent disclosure or production was made in writing upon discovery of such inadvertent disclosure. If any Party makes a claim of inadvertent disclosure of privileged or protected information, the other Parties shall, within forty-eight (48) hours, return or destroy all copies of the inadvertently disclosed information (including all copies provided to third parties under this Confidentiality Order), and provide a certification that all such information has been returned or destroyed. Within forty-eight (48) hours of the notification that such inadvertently disclosed information has been returned or destroyed, the Party that disclosed the material shall produce a privilege log with respect to that inadvertently disclosed information. The other Parties may move the Court for an Order compelling production of the inadvertently disclosed information. The motion shall be filed under seal. The Party that disclosed the material retains the burden of establishing the privileged or protected nature of any inadvertently disclosed information. The other Parties shall not assert waiver due to the inadvertent production

as a ground for such motion. Nothing in this Confidentiality Order shall limit the right of any Party to request an *in camera* review of the inadvertently disclosed information. The production of any document during discovery in this Action that, absent such production, would have been in whole or in part privileged or otherwise immune from disclosure, will not waive the privilege, work product protection, or other immunity from disclosure as to any material not produced, regardless of the subject matter.

11. In the case of depositions, designation of the transcript or the portions of the transcript that contains Confidential or Attorneys' Eyes Only Discovery Materials shall be made by a statement to such effect, on the record, during the course of the deposition, or by a statement in writing sent to all counsel of record within 10 business days after receipt of the transcript of such deposition, and the court reporter will be directed to affix a Confidential or Attorneys' Eyes Only designation to such portions. Until the expiration of the period of 10 days, the Parties shall treat the entire transcript as Confidential Discovery Material. The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition (or thereafter in writing) without further order of the Court.

12. Any Party objecting to the designation of any information as Confidential or Attorneys' Eyes Only must give counsel for the Designating Party written notice of the objection and its reasons for the objection, and the Parties shall attempt in good faith to resolve their differences. Failing resolution, the Parties may challenge the designation in accordance with the Local Rules and this Court's individual practices. Until the Court rules on the dispute, the Discovery Material shall be treated as designated.

13. The undersigned will treat Discovery Materials that are designated by a third party as Confidential or Attorneys' Eyes Only in accordance with the terms and conditions of

this Confidentiality Order regardless of whether the third party is or becomes a signatory to this Confidentiality Order.

14. Discovery Material designated as Confidential shall only be disclosed to:

   (a) Counsel of record for the Parties in this Action, including partners, associates, co-counsel, legal assistants, secretaries or other support staff of such counsel assigned to assist such counsel, and solely for the purposes of this Action;

   (b) The Parties themselves. Defendants may disclose Confidential Information to Oscar de la Renta employees, officers and in-house counsel, to whom, in the good faith opinion of counsel of record for Defendants, it is reasonably necessary that Confidential Information be shown solely for the purposes of this Litigation.

   (c) The Court and its staff as well as any mediators or other Court-appointed personnel responsible for resolving this Action in a non-judicial forum;

   (d) Court reporters and videographers present at depositions;

   (e) Subject to compliance with Paragraph 15 of this Confidentiality Order, outside experts or consultants who are not regular employees of a Party but are retained by a Party or counsel for a Party to assist in the prosecution or defense of this Action;

   (f) Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants,

individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

(g) Subject to compliance with Paragraph 15 of this Confidentiality Order, a deponent during a deposition if it appears that the witness authored or received a copy of such document, was involved in the subject matter described therein, or is a current or former employee, officer, director, agent, or designated corporate representative of the Party who produced the information, document, or thing, or if the Parties consent to such disclosure;

(h) Upon subpoena by an administrative agency prosecutor, criminal or civil or law enforcement officer or Court order subject to Paragraph 17 below; and

(i) Any other person agreed to by the Parties in writing;

15. Subject to the other provisions of this Confidentiality Order, individuals that fall under paragraphs 14(f) and 14(i), above, may not be given access to any information or material designated as Confidential unless they have signed the form attached hereto as Exhibit A.

16. Material produced and marked as Attorneys' Eyes Only may be disclosed only to the Parties' outside counsel. Material produced and marked as Attorneys' Eyes Only may be disclosed to other persons as counsel for the Designating Party agrees in advance in writing or as Ordered by the Court.

7

17.  The disclosure of Confidential or Attorneys' Eyes Only Discovery Materials covered by this Confidentiality Order, whether pursuant to compelled discovery or otherwise, shall not constitute a waiver of any proprietary or other rights to or in such information. If any person or entity covered by this Confidentiality Order is subpoenaed in another action or proceeding, served with a document demand, or otherwise requested to provide material covered by this Confidentiality Order, and such subpoena, document demand, or request seeks material which was produced or designated as Confidential or Attorneys' Eyes Only by any Designating Party, the person or entity receiving the subpoena, document demand or request shall give written notice immediately (no more than two (2) business days after receipt) to all counsel of record and shall, to the extent permitted by law, withhold production of the material until any dispute relating to the production of such material is resolved.

18.  Information designated as Confidential or Attorneys' Eyes Only may be copied or reproduced only to the extent reasonably necessary for the conduct of this Action. All such copies or reproductions shall be subject to the terms of this Confidentiality Order.

19.  Any person given access to any Discovery Materials containing Confidential Information shall take reasonable care to ensure that the information is not communicated or disclosed to anyone not authorized by paragraphs 14 and 16 of this Confidentiality Order to receive such information. If any person given access to any Discovery Materials containing Confidential Information becomes aware that the Confidential Information in its possession was communicated or disclosed to anyone not authorized by paragraphs 14 and 16 of this Confidentiality Order to receive such information, that person must promptly (a) secure the return and destruction of all copies of the Discovery Materials containing Confidential Information from anyone not authorized to receive them, (b) notify counsel of record in writing

upon learning of the unauthorized disclosure, and (c) certify in writing that they will undertake reasonable care to ensure that the Discovery Materials containing Confidential Information are maintained in a reasonably secure manner so as to avoid any future unauthorized disclosure of the Confidential Information.

20. Nothing contained in this Confidentiality Order shall preclude any Party from using its own documents or information in any manner it sees fit, without prior consent of any other Party or the Court, unless Plaintiff has retained or produced any documents or information belonging to Defendants or which Plaintiff was obligated to return to Defendants at the end of her employment, in which case Plaintiff shall not use those documents or information except for purposes of litigating this Action as governed by this Confidentiality Order, shall not disclose those documents or information except to those individuals entitled to disclosure pursuant to this Confidentiality Order, and shall subsequently destroy or return those documents or information pursuant to paragraph 23 of this Confidentiality Order.

21. In the event that a Party wishes to use any Discovery Materials designated as Confidential Information, or any document containing or making reference to the contents of such Confidential Information, in any pleading or document filed with the Court in this litigation, such pleading or document and Confidential or Attorneys' Eyes Only Discovery Material shall be filed in accordance with the procedures of the United States District Court for the Southern District of New York's and the Individual Rules and Practices of the Honorable John G. Koeltl regarding filing documents under seal and/or with redactions, as applicable.

22. Compliance with this Confidentiality Order shall not be construed in any way as an admission or agreement by any Party that the designated disclosure constitutes or contains any proprietary or confidential information of any other Party or witness. No Party to this action

9

shall be obligated to challenge the propriety of any Confidential or Attorneys' Eyes Only designation by any Party, and failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designations.

23. Within thirty (30) days of the final conclusion of this Action, each Party or other individual subject to this Confidentiality Order shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of Discovery Materials containing Confidential Information and to destroy, should such source so request, all copies of Discovery Materials containing Confidential Information that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential Information; provided, however, that counsel may retain complete copies of all court papers, deposition and trial transcripts, attorney work product, and all exhibits to any of the foregoing that reflect or contain information designated as Confidential or Attorneys' Eyes Only. To the extent a Party requests the return of Confidential material from the Court after the final conclusion of this Action, including the exhaustion of all appeals therefrom and all related proceedings, the Party shall file a motion seeking such relief.

24. The confidentiality obligations imposed by this Confidentiality Order, and this Court's jurisdiction over disputes relating to this Confidentiality Order, shall survive termination of this Action, and shall remain in full force and effect unless otherwise expressly ordered by the Court or by the written stipulation of the Parties filed with the Court.

25. Nothing in this Confidentiality Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the right of the Parties or any nonparty to assert any applicable privilege.

26. This Confidentiality Order shall not prevent a Party from applying to the Court for further or additional confidentiality or protective orders.

27. Nothing in this Confidentiality Order shall be deemed to limit, prejudice, or waive any right of any Party, third party, person, or entity: (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, material claimed to be protected work product or privileged under applicable law, material as to which the Party disclosing the material claims a legal obligation not to disclose, or material not required to be provided pursuant to applicable law; (b) to seek to modify or obtain relief from any aspect of this Confidentiality Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any material, whether or not designated in whole or in part, as Confidential Information governed by this Confidentiality Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

STIPULATED AND AGREED TO BY ALL PARTIES:

RESPECTFULLY SUBMITTED,

Dated: July 21, 2023

By: /s/ Melanie Harris
Melanie Harris

By: /s/ Shanice Smith-Banks
Shanice Smith-Banks

PROSKAUER ROSE LLP
650 Poydras Street
Suite 1800
New Orleans, Louisiana 70130
ssmith-banks@proskauer.com
(504) 310-2023
*Attorney for Defendants*

*Plaintiff*

SO ORDERED this 21 day of July, 2023.

_____
Honorable John G. Koeltl, U.S.D.J

This Order is not binding on
the Court or Court personnel.
The Court reserves the right
to amend it at any time.
    So Ordered.
    JGKoeltl

## **EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELANIE HARRIS,<br><br>                                   Plaintiff,<br><br>-against-<br><br>OSCAR DE LA RENTA, LLC and<br>FERNANDO GARCIA,<br><br>                                   Defendants. | Case No. 1:20 –CV– 09235 (JGK)<br><br>**NON-DISCLOSURE AGREEMENT** |

I _____, acknowledge that I have read and understand the Confidentiality Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Attorneys' Eyes Only. I agree that I will not disclose such Discovery Materials to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Confidentiality Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Confidentiality Order could subject me to punishment for contempt of Court.

Dated: _____   By: _____