UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MELANIE HARRIS,

                        Plaintiff,                      **ORDER**

          -against-                      **20-cv-9235 (JGK) (JW)**

OSCAR DE LA RENTA, LLC, *et al.*,

                        Defendant.
------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

      A conference in this matter was held on October 25, 2023. The Court notes that Plaintiff Melanie Harris is not currently represented by counsel (in other words, Plaintiff is proceeding *pro se*). Defendants wrote a letter motion to compel *pro se* Plaintiff to provide requested HIPAA authorizations and to schedule/sit for a deposition in this action. Dkt. No. 72. For the reasons, stated more fully on the record, Defendants' request was GRANTED.

      On the record, the Court explained to Plaintiff that as a party bringing a lawsuit, she must comply with discovery obligations and orders from the Court. Specifically, the Court noted that it may impose sanctions for failing to comply with discovery obligations or Court ordered discovery, up to and including dismissal of the action in its entirety pursuant to the Court's authority under Fed. R. Civ. P. 37(b)(2)(A)(v).

      At the conference, the Court ordered Plaintiff to sign the HIPAA authorization forms requested by Defendants. Plaintiff noted that she has another physician who has not yet been disclosed to Defendants. The Court further ordered that Plaintiff

provide the name of the additional physician to Defendants and sign a HIPAA release for that doctor as well.

With respect to the deposition, the Court ordered Plaintiff to schedule and sit for a deposition of 7 hours pursuant to Fed. R. Civ. P. 30. As an accommodation for Plaintiff's medical conditions, she requested that the deposition include 1 hour of questioning followed by a break of 15 minutes. This request was GRANTED and ORDERED by the Court. No further accommodation requests will be considered by the Court absent a letter from a medical professional stating what, if any, further accommodations are necessary.

Further during the conference, Plaintiff requested that her medical information included in the letter as Exhibit A to Dkt. No. 72 be stricken from the record because it included medical information. As stated on the record, and pursuant to [Lugosch v. Pyramid Co. of Onondaga](), 435 F.3d 110, 119-120 (2d Cir. 2006), the Court balanced Plaintiff's privacy interests in the document against the weight of the presumption of public access. The Court found that the exhibit should be sealed. The Court ordered that Exhibit A (Page 3) of Dkt. No. 72 be sealed on the docket and only accessible to Plaintiff, Defendant's Counsel, and Court personnel. **Defendants are directed to refile the letter without the exhibit attached for public viewing. <u>The Clerk of the Court is respectfully requested to modify the viewing level of Dkt. No. 72 to "Sealed" for Court view only.</u> <u>The Clerk of the Court is further requested to close the motion at Dkt. No. 72</u>**.

Finally, the Parties and the Court discussed the possibility of early resolution to the action including Judge assisted settlement, or another referral to the Court based mediation program.  Defendants' counsel noted that they needed to consult their client on whether Defendants believe an attempted early resolution could be productive at this time.  The Court asked Defendants' counsel to speak with their client about the possibility of early resolution.

The Parties are directed to file a status update letter by **November 10, 2023**. The Court expects that the Parties will meet and confer before this date to resolve the issues addressed at the conference.  Such letter should include (i) the status of Plaintiff's execution of the HIPAA documentation, (ii) the status of scheduling Plaintiff's deposition, and (iii) Defendants' position with respect to the possibility of early resolution. **Defendants are directed to order a copy of the transcript from the conference and provide a copy to Plaintiff and the Court.**

SO ORDERED.

DATED:   New York, New York
         October 25, 2023

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge